IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01277-BNB

ROY KING,

    Plaintiff,

v.

SARA M. REVELL,
MICHAEL K. NALLEY,
W. CASSEL, and
ROBERT M. WHITEHOUSE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at FCI Terre Haute. Plaintiff initiated this action by filing a *pro se* Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution have been violated. As relief Plaintiff seeks monetary damages and declaratory relief.

The Court must construe the Complaint liberally because Plaintiff is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. **See *id.***

Plaintiff alleges that on March 13, 2006, while he was housed at the FCI in Greenville, Illinois, (June 30, 2008, Compl. at Ex 2.), he was charged with violating BOP Code 224 and was found guilty on March 23, 2006. Subsequent to the guilty finding, the Discipline Hearing Officer recommended a disciplinary transfer to a facility that was commensurate with his security needs. Plaintiff further asserts that he was transferred to USP Victorville, then to USP Pollock and to USP Florence, and finally to USP Terre Haute,[1] Indiana where he now is housed. Mr. King claims his Fifth Amendment rights were violated when he was transferred for punitive reasons to a higher security institution, and the transfer was not a sanction imposed as part of the BOP regulations. Mr. King also asserts that Defendants were deliberately indifferent to his safety because he was placed with assaultive, predacious, riotous, disruptive, and dangerous prisoners. (Compl. at 5.) He further contends that he is in "mortal danger due to gang affiliation." (Complaint at 5.)

To the extent Plaintiff asserts a violation of his due process claim due to his transfer from FCI Florence to a higher security prison facility, the Court finds the claim lacks merit. The Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. **See *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).** Plaintiff does not allege that he was deprived of life or property as a result of his transfer from FCI Florence to another BOP facility. Therefore, he is entitled to

---

[1] Plaintiff claims he now is housed at USP Terre Haute. The BOP website lists Plaintiff as housed at FCI Terre Haute. Furthermore, the address Plaintiff provides also indicates he is housed at FCI Terre Haute.

due process only if his transfer implicates a constitutionally protected liberty interest. The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).

Plaintiff apparently argues that he has a protected liberty interest in avoiding a transfer to a higher security prison facility. However, a prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (stating that the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner). Being subject to more severe rules does not amount to a grievous loss. Neither the Constitution nor any federal law prohibits the transfer of an inmate from one state to another state. *See Montez v. McKinna*, 208 F.3d 862, 865-66 (10th Cir. 2000). The Court finds that Plaintiff's due process claim is frivolous.

Plaintiff's Eighth Amendment claim also lacks merit. A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities.' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation

marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

As noted above, Plaintiff claims that he has been subjected to cruel and unusual punishment because his transfer has caused him to be exposed to assaultive, predacious, riotous, disruptive, and dangerous prisoners. To the extent that Plaintiff is claiming that his placement at FCI in Florence, Colorado, exposed him to the above described inmates, Mr. King's claims are conclusory and vague. Furthermore, Mr. King no longer is housed at FCI Florence, and he fails to assert any physical injury due to his being housed at FCI. Mr. King also fails to assert how each named Defendant personally participated in violating his Eighth Amendment rights. Therefore, the Eighth Amendment claim, as it pertains to his incarceration at FCI Florence, is frivolous.

With respect to Mr. King's placement with dangerous prisoners at facilities other than FCI Florence, including USP Victorville, USP Pollock, and USP Terre Haute, none of these facilities are located in Colorado. As for any transfer other than Plaintiff's transfer from FCI Florence to another prison facility, the prison officials who took part in the decision to transfer him are not located in Colorado. This Court lacks proper venue under 28 U.S.C. § 1391 to review claims regarding incidents that took place at a facility other than FCI Florence. Under § 1391 paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

4

substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Although the Court make elect to transfer an action pursuant to 28 U.S.C. § 1412, the Court will refrain from transferring this case to a court with proper venue because the deficiencies identified above indicate that a transfer would not be in the interest of justice. Accordingly, it is

ORDERED that Plaintiff's due process claim and his Eighth Amendment claim as it pertains to his transfer and placement at FCI Florence are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff's Eighth Amendment claim and his due process claim as they pertain to his transfer to and placement at federal prison facilities other than FCI are dismissed without prejudice.

DATED at Denver, Colorado, this 15 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01277-BNB

Roy King
Reg. No. 05999-025
USP - Terre Haute
PO Box 33
Terre Haute, IN 47808

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/15/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk